Willie Robert **WEATHERLY**, Appellant,

v.

**STATE of Tennessee**, Appellee,

Court of Criminal Appeals of Tennessee, at Nashville.

July 30, 1985.

Permission to Appeal Dismissed by Supreme Court Nov. 18, 1985.

Willie Robert Weatherly, pro se.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Ronald E. Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

The petitioner, Willie Robert Weatherly, has appealed from a judgment of the Davidson Criminal Court dismissing his petition for a writ of habeas corpus without an evidentiary hearing.

On February 25, 1981 and on April 29, 1981 defendant was convicted of separate offenses in the Sullivan County Criminal Court. He was ordered imprisoned for not less than three (3) years nor more than four (4) years for auto burglary and not less than three (3) years nor more than six (6) years for third degree burglary for a combined total sentence of not less than six (6) years nor more than ten (10) years. On December 1, 1982 he was released on parole. On July 26, 1983 petitioner was arrested and charged with the crimes of grand larceny and criminal trespass. He was released on bond on these charges on July 27, 1983. On August 17, 1983 he was arrested on a parole violation warrant. On September 13, 1983 a hearing was conducted on the parole violation issue. It was determined that probable cause existed to believe petitioner had violated the conditions of his parole. It was ordered he be held pending a final revocation hearing before the Board of Parole. He was returned to the custody of the Tennessee Department of Corrections where ultimately, after a series of continuances and delays, a final hearing was held on July 20, 1984. The board upheld the revocation of petitioner's parole.

The record shows that on November 12, 1983 a petition for writ of habeas corpus was filed in the Circuit Court of Bledsoe County, the jurisdiction in which petitioner was then confined. Apparently no conclusive action has ever been taken on that petition. On June 11, 1984 a petition for writ of habeas corpus was filed in the United States District Court for the Middle District of Tennessee. This petition was dismissed summarily because the petitioner had not exhausted all available State remedies. On October 4, 1984 the present petition was filed.

Before proceeding to a disposition of this appeal we make a preliminary observation, noting that petitioner has requested oral argument in this Court. Neither the United States Constitution nor the Constitution of the State of Tennessee accords a defendant the right of self-representation at appellate proceedings. A defendant has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. *Price v. Johnson,* 334 U.S. 266, 68 S.Ct. 1049, 1060, 92 L.Ed.2d

1356 (1948); *Vowell v. State,* 178 S.W. 768, 771, 132 Tenn. 349 (1915); *State v. Reeves,* 610 S.W.2d 730, 731 (Tenn.Cr.App.1980); *State v. Cole,* 629 S.W.2d 915, 917 (Tenn. Cr.App.1981).

In his petition in the trial court petitioner set out four grounds upon which his application for habeas corpus was based. He says (1) that his final revocation hearing was delayed beyond a reasonable time; (2) the fact that he was immediately taken into custody when the parole violation warrant was issued prevented him from formulating any defense to the State criminal charges which triggered the revocation of his parole; (3) he was denied the opportunity to present mitigating circumstances in a meaningful manner at a meaningful time at his parole revocation hearings; (4) he was denied the fundamental right of due process in his final revocation hearing. He has raised a number of issues here which in substance charge the trial court erred in dismissing the petition for writ of habeas corpus without an evidentiary hearing or appointment of counsel in the face of the allegations that the Board of Parole delayed his final revocation hearing beyond a reasonable time and thus denied him the fundamental right of due process.

■ Petitioner's insistence that he was entitled to an evidentiary hearing is without merit. A full evidentiary hearing is not required for every petition for habeas corpus. Unless facts are alleged sufficient to establish the void character of the proceedings which led to imprisonment, an evidentiary hearing is not warranted. *Russell v. State ex rel Willis,* 437 S.W.2d 529, 222 Tenn. 491 (1969).

■ Petitioner's argument that he was entitled to the appointment of counsel to make appropriate amendments to his petition is also meritless. It is apparent that he confuses his application for counsel in this case with the statutory requirement (T.C.A. § 40–30–107) in the post conviction procedure act proscribing dismissal of a petition for failure to follow the prescribed form until a petitioner has a reasonable opportunity, *with the aid of counsel,* to file an amended petition. (Emphasis supplied). T.C.A. § 29–21–110(b), specifically provides that "The writ of habeas corpus shall not be disobeyed for any defect of form, . . . . provided enough is stated to show the meaning and intent of the writ." A cursory examination of the petition for writ of habeas corpus filed in this cause clearly demonstrates that it was competently and carefully drawn, explicating fully petitioner's complaint and the grounds upon which his complaint is based.

■ Petitioner contends his final revocation hearing was delayed beyond a reasonable length of time. The record does not sustain this contention. His preliminary revocation hearing was held on September 13, 1983, approximately one month after his arrest for violation of parole, and his final hearing was held on April 18, 1984, a span of about seven months. The reasons for the time lapse are fully set out in the petition. Petitioner seems to be of the opinion there is some statutory mandate that he was entitled to a hearing within ninety days. The delay was incurred largely because of his transfers from one unit to another within the prison system, for unavoidable administrative reasons, and to allow his counsel of record to acquaint himself with the details of the revocation charges. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), sets out that the "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." This petitioner was afforded his first hearing within thirty days. The Tennessee statute on the subject says that upon being notified of the return of a paroled prisoner charged with violation of his parole the board shall, as soon as practicable, hold a parole court and consider the case. This was accomplished. Petitioner has failed to show any prejudice resulting to him by reason of the time lapse involved.

■ Petitioner's complaint that he was not able to formulate a defense to the criminal charges pending against him because he was taken into custody for parole

violation must be summarily dismissed. Any valid constitutional complaint relating to the criminal charges pending against him when his parole was revoked, having now been convicted of those charges, must be addressed to those proceedings.

■ His claim that he was denied the opportunity to present mitigating circumstances in a meaningful manner before the Board of Parole must also be overruled. He was represented by counsel, either retained or appointed, at each of his hearings. He was given a full and adequate opportunity to be heard and offer evidence that he did not violate the conditions of his parole, or, if he did, that the circumstances in mitigation suggested that the violation did not warrant revocation. *Morrissey v. Brewer*, supra. He had (a) written notice of the claimed violations of parole; (b) he was apprised of the evidence against him; (c) he had opportunity to be heard in person and to present witnesses and documentary evidence; (d) he was not denied the opportunity to cross-examine witnesses; (e) the composition of the hearing bodies complied with the statute and the proceedings comported with all the requirements of due process. See *Young v. State*, 539 S.W.2d 850 (Tenn.Cr.App.1976).

T.C.A. § 29–21–122 provides that if no sufficient legal cause of detention is shown a plaintiff shall be discharged, otherwise he shall be remanded to custody. We find no merit to any of the complaints raised by the petitioner and affirm the judgment of the trial court in dismissing the petition.

DUNCAN, J., and TEMPLETON, Special Judge, concur.