# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

May 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BRENT A. BLYE,** | ) | **C.C.A. NO. 03C01-9612-CR-00469** |
| Appellant, | ) | |
| | ) | |
| | ) | **JOHNSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LYNN W. BROWN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Direct Appeal)** |

FOR THE APPELLANT:

BRENT A. BLYE
Pro Se
149508 NECC POB 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY R. COPOUS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

DAVID CROCKETT
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

Appellant Brent Blye was convicted by a jury on May 1, 1995 in the Sullivan County Criminal Court for possession of over .5 grams of cocaine with the intent to sell and for evading arrest. As a Range I standard offender, Appellant received the following concurrent sentences:[1] (1) On the conviction for possession with intent to sell, the trial court sentenced Appellant to ten years incarceration with the Tennessee Department of Correction, ordered him to pay $26.50 to the Criminal Injuries Compensation Fund, and fined him $50,000.00. (2) On the evading arrest conviction, the court ordered Appellant to serve eleven months and twenty-nine days jailtime, directed him to pay $26.50 to the Criminal Injuries Compensation Fund, and fined him $2,500.00. On September 10, 1996, Appellant filed an application for writ of habeas corpus and moved to proceed in forma pauperis. In his application, Appellant alleged that he was being illegally restrained under a void conviction in which the underlying indictment failed to sufficiently state a mens rea. On October 28, 1996, the trial court denied Appellant's petition on the ground that the application failed to state a claim for which habeas corpus relief could be granted. Appellant presents the following issue for our consideration in this direct appeal: whether the trial court erred in dismissing Appellant's petition for writ of habeas corpus prior to the State's filing a response and without conducting an evidentiary hearing.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

We conclude that the trial court properly denied Appellant's application prior to the filing of any response by the State. Tenn. Code Ann. § 29-21-109

---

[1] The trial court ordered these sentences to run consecutively to a previously imposed sentence resulting from a parole violation.

provides, "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." This Court has held that the trial court may summarily dismiss a petition for writ of habeas corpus under the authority of Tenn. Code Ann. § 29-21-109 where the petition fails to state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). See also William Jones v. State, C.C.A. No. 01C01-9308-CR-00272, Davidson County (Tenn. Crim. App., Nashville, July 14, 1995).

Similarly, we find no merit in Appellant's complaint that the trial court improperly denied his application for writ of habeas corpus without conducting an evidentiary hearing. "A full evidentiary hearing is not required for every petition for habeas corpus." Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985). An evidentiary hearing is not warranted unless the petitioner alleges facts adequately demonstrating the void character of the proceedings which led to his confinement. Id. (citing Russell v. State ex rel Willis, 437 S.W.2d 529 (Tenn. 1969)).

The Tennessee Supreme Court's decision in State v. Hill governs the resolution of this question. 954 S.W.2d 725 (Tenn. 1997). The Hill court held that:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy; (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27.

The indictment in the instant case is sufficient under this analysis. Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____

JERRY L. SMITH, JUDGE


CONCUR:


_____

GARY R. WADE, JUDGE


_____

DAVID H. WELLES, JUDGE