# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

July 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID MCDOWELL, | ) | C.C.A. NO. 03C01-9707-CR-00278 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | MORGAN COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN |
| CHARLES JONES, Warden, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Writ of Habeas Corpus) |

FOR THE APPELLANT:

DAVID MCDOWELL
Pro Se
#109129
M.C.R.C.F.
P. O. Box 2000
Wartburg, TN 37887-2000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

CHARLES E. HAWK
District Attorney General

FRANK HARVEY
Assistant District Attorney
P. O. Box 703
Kingston, TN 37763

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

Appellant David McDowell was convicted by a jury in the Bradley County Criminal Court of aggravated rape. As a Range I standard offender, he was sentenced to twenty-two years incarceration with the Tennessee Department of Correction. This Court affirmed the conviction. State v. David McDowell, No. 251 Bradley County (Tenn. Crim. App., Knoxville, October 23, 1986). On December 30, 1996, Appellant filed an application for writ of habeas corpus in the Morgan County Criminal Court, alleging that he was being illegally restrained on a conviction and sentence based upon a fatally defective indictment which failed to properly set forth a mens rea. The trial court denied the writ on February 14, 1997. Appellant presents the following issue for our consideration in this appeal: whether the trial court erred in dismissing the petition for habeas corpus relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

We find no merit in Appellant's complaint that the trial court improperly denied his application for writ of habeas corpus without conducting an evidentiary hearing and without appointing counsel. "A full evidentiary hearing is not required for every petition for habeas corpus." Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985). An evidentiary hearing is not warranted unless the petitioner alleges facts adequately demonstrating the void character of the proceedings which led to his confinement. Id. (citing Russell v. State ex rel. Willis, 437 S.W.2d 529 (Tenn. 1969)).

The Bradley County grand jury indicted Appellant for aggravated rape. According to Appellant's petition, the indictment alleged that Appellant "did unlawfully and feloniously have sexual penetration of. . . a child less than thirteen (13) years of age, contrary to the statute,. . ."

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution afford the accused the right to be informed of the "nature and cause of the accusation." Moreover, our legislature has prescribed the contents of indictments. Tenn. Code Ann. § 40-13-202 provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Tenn. Code Ann. § 40-13-202.

The Tennessee Supreme Court's decision in State v. Hill governs the disposition of the case sub judice. 954 S.W.2d 725 (Tenn. 1997). The Hill court held that:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy; (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27.

The indictment in the instant case comports with the requirements of Hill.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL. JUDGE


_____
WILLIAM B. ACREE, SPECIAL JUDGE