IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

July 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **RANDY DALE HILL,** | * | C.C.A. # 01C01-9806-CR-00273 |
| Appellant, | * | DAVIDSON COUNTY |
| V. | * | Honorable Cheryl Blackburn, Judge |
| **STATE OF TENNESSEE,** | * | (Habeas Corpus Dismissed) |
| Appellee. | * | |

FOR THE APPELLANT:          FOR THE APPELLEE:

RANDY DALE HILL               JOHN KNOX WALKUP
TDOC# 245286                  Attorney General & Reporter
B.M.C.X.-M.C.
P. O. Box 20                  KIM R. HELPER
Wartburg, TN  37887-2000      Assistant Attorney General
                              425 Fifth Avenue North
                              Nashville, Tennessee  37243-0493

                              VICTOR S. (TORRY) JOHNSON III
                              District Attorney General

                              ROGER MOORE
                              Assistant District Attorney General
                              Washington Square, Suite 500
                              222 Second Avenue North
                              Nashville, TN  37201-1649

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Randy Dale Hill, appeals the dismissal of his petition for habeas corpus. In 1995, the petitioner pleaded nolo contendere to one count of aggravated child abuse, a Class B felony. The Criminal Court of Dickson County sentenced him as a mitigated offender to eight years in either the Tennessee Department of Correction (TDOC) or the Dickson County workhouse, and the petitioner began service in the workhouse. The TDOC subsequently advised him that he could not serve in the workhouse. In 1998, the petitioner filed a writ of habeas corpus with the Criminal Court of Davidson County, alleging that improper sentencing merited habeas corpus relief. The post-conviction court dismissed the writ without a hearing. The petitioner appeals, asserting that (1) the post-conviction court erroneously dismissed the writ without a hearing, because that writ alleged grounds for relief, and (2) the sentence imposed by the trial court was void. The petitioner's second issue comprises a claim regarding the plea agreement: He asserts that since he entered his plea anticipating service in the workhouse, an option precluded by statute, that plea was not knowing and voluntary. We AFFIRM the dismissal of the writ.

## BACKGROUND

The petitioner was indicted for one count of aggravated child abuse and for one count of aggravated sexual battery. The petitioner alleges that he pleaded nolo contendere to the aggravated child abuse charge only because the state agreed to his serving in the workhouse. The technical record reflects such an agreement: The judgment sentenced him to either the TDOC or the workhouse; and the petitioner's waiver of trial and request for acceptance of plea states that he would serve in the workhouse and that the state would nolle prosequi the remaining charge.

Approximately six months later, the TDOC advised the petitioner that he could not serve in the workhouse. The petitioner objected to transfer to the TDOC. He allegedly filed a petition for post-conviction relief but voluntarily dismissed that petition while recovering from an injury incurred during incarceration. The Criminal Court of Davidson County dismissed the petitioner's writ for habeas corpus without an evidentiary hearing, finding that writ failed to state a ground for relief.

**ANALYSIS**

The petitioner asserts that (1) the post-conviction court erred by dismissing his writ for habeas corpus without an evidentiary hearing and (2) his writ properly challenged the sentence because the trial court, lacking subject matter jurisdiction, entered a void sentence. Tennessee statutes codify the common-law remedy of habeas corpus relief, see Tenn. Code Ann. § 29-21-101 to -130, as "an extraordinary remedy to secure the release, by judicial decree, of persons who are restrained of their liberty . . . ," Bateman v. State, 194 S.W.2d 336, 337 (Tenn. 1946). "[T]he office of the writ of habeas corpus is to test the legality of the imprisonment or restraint of one who is being illegally detained," and "the only relief that can be given a prisoner in a state habeas corpus proceeding is release." State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). "A writ of habeas corpus is to correct the denial of fundamental constitutional rights." State v. Henderson, 424 S.W.2d 186, 188 (Tenn. 1968).

The trial court sentenced the petitioner to eight years in the workhouse. Absent certain provisions inapplicable to the instant case,

> all convicted felons sentenced after November 1, 1989, to
> continuous confinement for a period of one (1) year or more shall
> be sentenced to the department of correction.

Tenn. Code Ann. § 40-35-314(a). The imposed eight-year sentence could not be served in the workhouse, but the petitioner's appeal fails to allege facts sufficiently establishing that the sentence was void. See Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985).

Every application for writ of habeas corpus does not merit a full evidentiary hearing. See Weatherly, 704 S.W.2d at 732. Only those petitions alleging facts that, if true, render a petitioner's conviction constitutionally void merit a hearing. See id. An application for writ of habeas corpus may be dismissed by the trial court if the application does not indicate that the conviction is void. See Tenn. Code Ann. § 29-21-109.

Therefore, the application must sufficiently allege that a judgment is void, not merely voidable. Habeas corpus relief is available in Tennessee only when the face of a judgment or record of the proceedings indicates that the "convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "It is generally true . . . that a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal . . . ." State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). In the instant case, the trial court's sentencing the petitioner to the workhouse, although improper, did not directly contravene express statutory provisions. The Code specifically anticipates and legitimizes such sentences:

> After November 1, 1989, if a court sentences or has sentenced a defendant to a local jail or workhouse when such court was not authorized to do so by this chapter, it shall be deemed that such sentence was a sentence to the department, and the commissioner of correction shall have the authority to take such a defendant into the custody of the department.

-4-

Tenn. Code Ann. § 40-35-314(a).

The petitioner further asserts that his plea was not knowing and voluntary because he believed that he could serve his sentence in the workhouse and was promised that option for the duration of incarceration. A criminal defendant's guilty plea must be knowing and voluntary. See Boykins v. Alabama, 395 U.S. 238 (1969). Otherwise, that plea violates due process and is void. Id. A defendant's guilty plea involves three significant federal constitutional rights:

> (1) The privilege against compulsory self-incrimination guaranteed by the Fifth Amendment.
> (2) The right to trial by jury.
> (3) The right to confront one's accusers.

State v. Neal, 810 S.W.2d 131, 135 (Tenn. 1991). The record must clearly show a defendant waived these rights. See id. Subsequent Tennessee case law "expressly expanded the advice requirements" and mandated an "inquiry into the voluntariness of the plea" when a trial court accepts a guilty plea. Id. at 135-36. Therefore, Tennessee law requires the trial court's "ensuring that the defendant is aware of all consequences of a guilty plea and that the plea is . . . intelligently and voluntarily entered." Id. at 136.

Pertinent case law indicates that habeas corpus relief is not the proper procedure for remedying a guilty plea which was allegedly not knowing and voluntary. In Archer v. State, No. 03C01-9108-CR-00245 (Tenn. Crim. App. filed Feb. 21, 1992, at Knoxville), the defendant asserted that the trial court did not advise him of his constitutional rights prior to his entering five guilty pleas. Although "a court may lose jurisdiction in the course of the proceeding due to its failure to afford the accused the due process of law," only those constitutional violations "so fundamental as to render the judgment void may be attacked by the writ." Id. This Court held that validity of guilty pleas could not be challenged

in a habeas corpus proceeding because any error in a trial court's accepting a guilty plea renders the conviction voidable, not void. Id.

On appeal, the Tennessee Supreme Court held that "examination of the history of the writ of habeas corpus in Tennessee leads . . . to the conclusion that the reach of the Great Writ is severely restricted in this state and would, in almost all instances, preclude consideration of challenges to the voluntariness of guilty pleas in such proceedings." Archer, 851 S.W.2d at 158. Therefore, we do not view habeas corpus as the appropriate means of addressing the petitioner's concern. The proper procedure for relief in this case is a petition for post-conviction relief. See id. Although this Court may treat a petition for habeas corpus as a petition for post-conviction relief, see Tenn. Code Ann. § 40-30-205(c), the applicable one-year statute of limitations has expired, see Tenn. Code Ann. § 40-30-202(a).

**CONCLUSION**

The judgment of the post-conviction court is AFFIRMED in that the petitioner did not allege facts sufficiently establishing that his sentence is void. Further, the applicable statute of limitations bars this petition from consideration under the Post-Conviction Procedure Act.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge