IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## JAMES CARTER v. FRED J. RANEY, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 02-CR-8243     R. Lee Moore, Jr., Judge**

_____

**No. W2002-00879-CCA-R3-CD  - Filed October 31, 2002**

_____

Petitioner was denied habeas corpus relief by the trial court.  He now appeals, claiming the trial court erred in failing to hold an evidentiary hearing and in failing to appoint counsel to assist him with his habeas corpus claim.  We affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

James Carter, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner and Marcia Fogle, Assistant Attorneys General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

Petitioner's first trial for the 1991 first degree murder of Lisa Watkins ended when a mistrial was declared.  Upon retrial in 1994, a jury found him guilty of first degree murder and sentenced him to life in prison.  This Court affirmed the conviction on direct appeal.  State v. Carter, 970 S.W.2d 509, 516 (Tenn. Crim. App. 1997).  Petitioner sought post-conviction relief, alleging improper jury instructions and ineffective assistance of counsel.  The trial court denied that petition, and this Court affirmed that denial.  Carter v. State, No. W1999-00799-CCA-R3-PC (Tenn. Crim. App. Oct. 23, 2000) perm. to app. den. (Tenn. April 9, 2001).  Petitioner now appeals from the trial court's denial of his writ of habeas corpus.  In this appeal, the petitioner alleges the following: (1) Ineffective assistance of counsel; (2) Improper jury instructions on circumstantial evidence; (3) His retrial violated double jeopardy; and (4) Violation of due process.  The trial court summarily dismissed the

petition for petitioner's failure to state a colorable claim upon which habeas corpus relief could be granted. Petitioner appeals from the dismissal, alleging the denial of his petition for habeas corpus was in error and that the petition should not have been dismissed absent his appointment of counsel for the habeas proceeding. We affirm the trial court's dismissal.

## Analysis

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 et seq. codifies the applicable procedures for seeking a writ[1]. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

It is well settled that a judgment that is not void, but is merely voidable, is not subject to a collateral attack in a habeas corpus suit. Archer, 851 S.W.2d at 163; Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). While any person imprisoned or restrained of liberty may seek a writ of habeas corpus, Tenn. Code Ann. § 29-21-101, the remedy is limited to situations when it appears on the face of the judgment that a convicting court lacked jurisdiction or authority or that a defendant is being imprisoned after expiration of his sentence. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Indeed, summary dismissal is authorized if, on the showing of the petitioner, he would not be entitled to any relief. Tenn. Code Ann. § 29-21-109.

The judgments against petitioner are not void on their face. Petitioner alleges no grounds that, even if true, would entitle him to habeas corpus relief. The issues raised by petitioner are issues properly addressed in a post-conviction hearing, not in a habeas corpus claim for relief. Petitioner's sentence has not expired nor do any of the issues he raises, if true, render his conviction facially void. They only render his conviction voidable. We hold the trial court made no error in dismissing the habeas corpus petition.

We will briefly address petitioner's claims that the trial court erred in declining to appoint him counsel for this proceeding and for summarily dismissing the habeas corpus petition without holding an evidentiary hearing. While Tennessee Code Annotated section 40-14-204 allows for the appointment of counsel in habeas cases when necessary, nothing in the record indicated that counsel was necessary in *this* case. There is no constitutional right to counsel in a habeas corpus proceeding. Denton v. State, No. 03C01-9712-CR-00536, 1999 Tenn. Crim. App. LEXIS 493, at *3 (citing Weatherly v. State, 704 S.W. 2d 730, 732 (Tenn. Crim. App. 1985)). Additionally, Tennessee Code

---

[1] Tennessee Code Annotated section 29-21-101 states: "Grounds for Writ.- Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in section 29-21-102 (Federal prisoners)["], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint.

Annotated section 29-21-109 allows for the refusal of the writ with only a brief endorsement as to the reasons why. There is no mandatory right to an evidentiary hearing unless the petitioner raises a colorable claim. See Presnell v. Craven, No. W2002-00304-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 630, at *6, (Tenn. Crim. App. July 23, 2002) (citing Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (Tenn. 1964)). The trial court determined that, even if true, petitioner's allegations are not proper matters for habeas relief. We hold no error was committed in the failure to hold an evidentiary hearing. Accordingly, the dismissal of petitioner's habeas relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE