IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. LAVONDAS CORDELL NELSON

**Direct Appeal from the Circuit Court for Rutherford County
No. 49907     Don R. Ash, Judge**

_____

**No. M2003-01525-CCA-R3-CO - Filed December 30, 2003**

_____

The Petitioner, Lavondas Cordell Nelson, pled guilty to one count of reckless endangerment with a weapon and one count of possession of a handgun by a felon in the Rutherford County Circuit Court, and the trial court imposed suspended two year sentences for each count, to be served consecutively, plus four years of probation at the expiration of those terms. The Petitioner filed a pro se petition for writ of habeas corpus and a motion requesting that the trial court appoint an attorney to represent him during the habeas corpus proceeding. The trial court denied his motion and dismissed his petition for writ of habeas corpus. On appeal, the Petitioner contends that: (1) the trial court erred in dismissing his petition for writ of habeas corpus; and (2) the trial court erred by denying his motion for appointment of counsel. Finding no reversible error, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Lavondas C. Nelson, pro se, for the appellant.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**Opinion**
**I. Facts**

The Petitioner, Lavondas Cordell Nelson, pled guilty to one count of reckless endangerment with a deadly weapon and one count of possession of a handgun by a felon, both Class E felonies, in Rutherford County Circuit Court. The trial court imposed suspended two year sentences for each count, to be served consecutively, plus four years of probation at the expiration of those terms. These sentences were to be served consecutively to a prior conviction. The Petitioner filed a pro se

petition for writ of habeas corpus, contending that he was coerced into signing his plea agreement and that he did not enter his plea knowingly and voluntarily. The Petitioner also filed a motion requesting that the trial court appoint an attorney to represent him during the habeas corpus proceeding. The trial court denied his motion and dismissed his petition for writ of habeas corpus. The trial court held that "it appears the Petitioner's claims, considered in the light most favorable to him, would at best render his conviction and sentence voidable and not void. Such claims cannot form the basis for habeas corpus relief." The Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that: (1) the trial court erred in dismissing his petition for writ of habeas corpus; and (2) the trial court erred by denying his motion for appointment of counsel.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment. . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* State v. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed*. Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627; Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The appointment of counsel in a habeas corpus proceeding is discretionary. Tennessee Code Annotated section 40-14-204 (2003) provides that "[i]n all proceedings for the writ of habeas corpus . . ., the court having jurisdiction of such matters shall determine the question of indigency and appoint counsel, if necessary, in the manner set out in this part." Furthermore, there is no constitutional right to counsel in habeas corpus proceedings. Denton v. State, No. 03C01-9712-CR-00536, 1999 WL 318820, at *1 (Tenn. Crim. App., at Knoxville, May 17, 1999) (citing Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985)), *no perm. app. filed*. This Court has held that "when a petition has been competently drafted and conclusively shows that the petitioner is entitled to no relief, the trial court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing." Id.

The Petitioner contends that the trial court erred in dismissing his petition for writ of habeas corpus because his guilty pleas were not knowingly and voluntarily entered due to coercion, thereby rendering his sentences void. The trial court found that the Petitioner's claims "would at best render his conviction and sentence voidable and not void. Such claims cannot form the basis for habeas corpus relief." We agree with the trial court. The Petitioner's judgments and his plea agreement are facially valid in this case. In order to prove that his guilty pleas were not knowingly and voluntarily entered due to coercion, the Petitioner would have to present proof of the coercion and its effect on him at a hearing. After examining the judgments, it does not appear that the convicting court was without jurisdiction to convict or sentence the Petitioner, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. Accordingly, we conclude, as the trial court did, that the Petitioner's judgments are not void and that the Petitioner failed to establish a claim for habeas corpus relief. Therefore, the trial court properly dismissed the Petitioner's petition for writ of habeas corpus.

Next, the Petitioner contends that the trial court erred in denying his motion for appointment of counsel. We conclude that the trial court did not abuse its discretion in denying the Petitioner's motion for appointment of counsel in this habeas corpus matter because the petition failed to state a cognizable claim for habeas corpus relief. Because the Petitioner's judgments were facially valid and not void, the trial court properly dismissed the petition for writ habeas corpus without appointing counsel and without holding an evidentiary hearing.

### III.  Conclusion

Based upon our de novo review, we conclude that the Petitioner has failed to establish a claim for habeas corpus relief and that the trial court did not err in dismissing his petition and denying his motion for appointment of counsel. Therefore, we AFFIRM the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE