# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JOSEPH A. HALE v.  DAVID OBSORNE, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-3      E. Eguene Eblen, Judge**

**No. E2012-00557-CCA-R3-HC - Filed July 30, 2012**

The Petitioner, Joseph A. Hale, appeals the Morgan County Criminal Court's dismissal of his petition for habeas corpus relief from his 2007 conviction for second degree murder and resulting seventeen-year sentence.  He contends that his sentence is void because the trial court improperly sentenced him pursuant to the 2005 Sentencing Amendments when the offense date was 2004.  The State has moved this court to affirm the trial court's denial of relief by memorandum opinion pursuant to Rule 20 of the Court of Criminal Appeals.  The State's motion for a memorandum opinion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Joseph A. Hale, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Charles Frank Crawford, Jr., District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of second degree murder in 2007, and the conviction was affirmed on appeal.  See State v. Joseph A. Hale, No. M2008-00872-CCA-R3-CD, Van Buren County (Tenn. Crim. App. June 15, 2009), perm. app. denied (Tenn. Oct. 19, 2009). He was sentenced as a violent offender to seventeen years' confinement with 100% service. The Petitioner filed a petition seeking habeas corpus relief and contended that his sentence was void because although the offense was committed on May 18, 2004, the trial court

sentenced him pursuant to the 2005 Amendments to the Sentencing Reform Act of 1989. The State filed a motion to dismiss the petition, and the trial court granted the motion concluding that the Petitioner was not entitled to relief.

On appeal, the Petitioner contends that he was sentenced under the wrong sentencing law. He argues he is only required to serve 30% of his sentence before becoming eligible for release under the sentencing law in effect in 2004. He also contends that the trial court erred by dismissing his petition without allowing him the opportunity to be heard. The State contends that the trial court properly dismissed the petition because the judgment of conviction is not void.

As for the Petitioner's contention that the trial court erred by summarily dismissing his petition, an evidentiary hearing is not required when the facts alleged in the petition are insufficient "to establish the void character of the proceedings." Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007).

At the time the offense was committed in 2004, Tennessee Code Annotated stated that a person who commits second degree murder, on or after July 1, 1995, was required to serve 100% of the sentence imposed by the trial court. T.C.A. § 40-35-501(i)(1), (i)(2)(B) (2003) (amended 2006, 2007, 2009, and 2010). Thus, the Petitioner's sentence is valid because he committed second degree murder after 1995. We conclude that the trial court properly dismissed the petition. The Petitioner is not entitled to relief.

The State's motion for a memorandum opinion is granted. The opinion provides no precedential value; the proceeding occurred before the trial court without a jury; the action was not a determination of guilt; the evidence does not preponderate against the trial court's findings; and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE

2