IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2025[1]

## BOBBY V. SUMMERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2018-B-885      Angelita Blackshear Dalton, Judge**
_____

### No. M2024-01451-CCA-R3-ECN
_____

Petitioner, Bobby V. Summers, appeals the Davidson County Criminal Court's summary dismissal of his petition for writ of error coram nobis as untimely. Following our review of the entire record, briefs of the parties, and the applicable law, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ., joined.

Bobby V. Summers, Henning, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On April 27, 2018, Petitioner was indicted for first degree premeditated murder, felony murder, especially aggravated robbery, and tampering with evidence. Pursuant to a

---

[1] Along with the Petitioner's May 29, 2025 motion to supplement his brief, Petitioner requested to participate in oral argument. "A prisoner has no absolute right to argue his [or her] own appeal or even to be present at the proceedings in an appellate court." *Price v. Johnson*, 334 U.S. 266, 285 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467 (1991); *see also Weatherly v. State*, 704 S.W.2d 730, 731 (Tenn. Crim. App. 1985). Indeed, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price*, 334 U.S. at 285. Petitioner's request is denied.

plea agreement, Petitioner pled guilty to facilitation of first degree premeditated murder in exchange for an out-of-range sentence of twenty years with sixty percent release eligibility pursuant to *State v. Hicks*, 945 S.W.2d 706 (Tenn. 1997). As part of the plea agreement, the remaining counts of the indictment were dismissed. The judgment was entered on August 21, 2019, and no direct appeal was taken. The relevant facts underlying the plea are as follows:[2]

> Your Honor, had this matter gone to trial, [the] State's proof would have shown that on December 26 of 2017, James O'Brien and [Petitioner] arranged to meet the victim Jimmy Kleinert to conduct a drug transaction. At the time of the meeting Mr. Kleinert was accompanied by Steph Johnny Walters (phonetic). Ms. Walters stated that Mr. Kleinert got into a minivan around five o'clock p.m. to complete the drug transaction. She also stated that Mr. Kleinert had between $4,000 and $7,000 cash on him. During the drug transaction Mr. Kleinert was robbed and shot while he was in the minivan. Mr. Kleinert was found the next morning deceased on the side of Bear Hollow Road with a single gunshot wound and the $4,000 to $7,000 cash was not on his person.

Beginning in November 2022, Petitioner has repeatedly and unsuccessfully attempted to collaterally attack his guilty plea. *Summers v. State*, No. M2023-00103-CCA-R3-PC, 2024 WL 111292, at *1 (Tenn. Crim. App. Jan. 10, 2024) (affirming summary dismissal of a post-conviction petition which argued that Petitioner's plea was unknowingly and involuntarily entered because he did not understand the elements of facilitation of first degree murder), *perm. app. denied* (Tenn. June 20, 2024); *State v. Summers*, No. M2023-01589-CCA-R3-CD, 2024 WL 3250958, at *1-2 (Tenn. Crim. App. July 1, 2024) (affirming denial of Petitioner's fourth motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 for failure to state a colorable claim), *no perm. app. filed*; *State v. Summers*, No. M2024-00881-CCA-R3-CD, 2024 WL 5088715 (Tenn. Crim. App. Dec. 12, 2024) (affirming summary dismissal of Petitioner's fifth and sixth Rule 36.1 motions), *perm. app. denied* (Tenn. Apr. 17, 2025).

On May 29, 2024, Petitioner filed a pro se petition for writ of error coram nobis. Petitioner argued that there was newly discovered evidence of his actual innocence because he had learned that James O'Brien died before Petitioner pled guilty to facilitation of first degree premeditated murder. He claimed that he did not "know for sure about [Mr. O'Brien's death] [until] 2023." Petitioner asserted that despite knowing of Mr. O'Brien's death, both the prosecutor and defense counsel "coerced" him to plead guilty even though

---

[2] An official transcript of the plea hearing is not in the record. However, Petitioner attached a copy of the transcript to his appellate brief which the State directly quotes in its appellate brief.

he could not be guilty of facilitation without conviction of the principal, Mr. O'Brien. Petitioner attached to his petition the medical examiner's report on Mr. O'Brien's death, the post-mortem toxicology report for Mr. O'Brien, and the trial court's April 2023 order dismissing Petitioner's second Rule 36.1 motion.

On July 17, 2024, the coram nobis court entered a written order dismissing the petition for writ of error coram nobis[3] finding that the petition was untimely filed on May 29, 2024, when the judgment became final on September 20, 2019; the petition was filed more than four years after the one-year statute of limitations had expired. The coram nobis court also found that Petitioner had not demonstrated that he was entitled to equitable tolling of the statute of limitations. It incorporated by reference "the State's Response to Request for Discovery filed on May 31, 2018," which included a Metropolitan Nashville Police Department case summary that mentioned Mr. O'Brien's death and a report from the Office of the Medical Examiner documenting that Mr. O'Brien died on January 27, 2018. Based on this information, the coram nobis court found that Petitioner "failed to demonstrate that he lacked access to evidence, or that the evidence was 'newly discovered.'"

Petitioner filed a notice of appeal on September 3, 2024. Because the petition was denied without a hearing, no transcript or statement was included in the record but the trial court's order denying the petition for error coram nobis also included a denial of Petitioner's motion to reopen post-conviction proceedings. On October 2, 2024, this court entered an order clarifying that this appeal is limited to the denial of the petition for error coram nobis. The thirty-day deadline for a timely notice of appeal was August 17, and Petitioner's notice of appeal was stamped by the prison mail room on August 30. *See* Tenn. R. App. P. 4(a), 20(g). While the State cites this court's October 2 order as deeming the notice of appeal timely, the order does not explicitly make such a finding. However, to the extent the October 2 order does not implicitly find such, we waive the timely filing requirement in the interest of justice. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

After Petitioner filed his initial brief, this court granted Petitioner's motion to supplement his brief. After the State filed its brief, Petitioner filed a reply brief and a second motion to supplement his brief with six additional pages. This court deferred a ruling on the second motion to supplement to the panel hearing Petitioner's appeal. Petitioner's request is hereby granted, and this court will consider the supplemental

---

[3] The coram nobis court also entered written orders dismissing Petitioner's May 24 motion to withdraw guilty plea and Petitioner's July 16 Rule 36.1 motion. The record does not include these other motions, and they are not the subject of this appeal.

briefing. On May 29, 2025, Petitioner filed an additional motion to supplement his brief. That motion is denied. Petitioner's appeal is now before this court.

**Analysis**

On appeal, Petitioner argues that the coram nobis court erred by summarily dismissing his petition for writ of error coram nobis because Mr. O'Brien's death was newly discovered evidence of Petitioner's actual innocence. He asserts that "there is no other person in this case" for him to have facilitated because Mr. O'Brien "had been dead for [nineteen] months when [his] counsel convinced [him] to plead and the State has been using a dead man as [his] accomplice."[4] Petitioner also repeatedly argues that the State failed to present evidence to support the factual basis underlying the plea. The State argues that the coram nobis court properly dismissed the petition as untimely, and untimeliness notwithstanding, that coram nobis proceedings are not an appropriate procedural vehicle to collaterally attack a guilty plea. We agree with the State.

Error coram nobis relief is:

> confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b). The relief sought in an error coram nobis proceeding "is the setting aside of the conviction and the granting of a new trial." *Clardy v. State*, 691 S.W.3d 390, 400 (Tenn. 2024) (citing *Payne v. State*, 493 S.W.3d 478, 485 (Tenn. 2016)).

The writ of error coram nobis is "an *extraordinary* procedural remedy," and is subject to a one-year statute of limitations which is measured from the date the judgment becomes final, thirty days after either entry of the judgment of conviction or disposition of a timely, post-trial motion. *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (quoting *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999)); T.C.A. § 27-7-103. Compliance with

---

[4] Petitioner's brief also includes citations to cases dealing with ineffective assistance of counsel claims, incomplete jury instructions, the sufficiency of the evidence, admission of evidence, and claims under *Brady v. Maryland*, 373 U.S. 83 (1963). However, Petitioner fails to expand upon how these references relate to his claims, and thus, we will limit our analysis to those claims supported by argument.

- 4 -

the one-year statute of limitations is an "essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. Whether a petition is time-barred is a question of law, which this court reviews de novo. *Id.* at 830. The statute of limitations may be tolled if a petition seeks relief based on newly discovered evidence of actual innocence discovered after the statute of limitations has expired. *Id.*; *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001). The coram nobis court possesses the discretion to summarily dismiss a petition if it fails to show on its face either that it is timely filed or that the petitioner is entitled to equitable tolling of the statute of limitations. *Nunley*, 552 S.W.3d at 831.

A petitioner is "not entitled to equitable tolling to pursue a patently non-meritorious ground for relief." *Id.* at 829 (citations omitted). The petitioner must establish that the grounds upon which he seeks relief are "later arising," meaning that they arose after the statute of limitations, and that strict application of the statute of limitations would deny him a "reasonable opportunity" to present his claims. *Id.* To be entitled to equitable tolling based on newly discovered evidence, the petition must present new evidence of actual innocence discovered after the expiration of the statute of limitations. *Id.* at 828. "Newly discovered evidence" is "evidence of facts existing, but not yet ascertained, at the time of the original trial," that is admissible, and credible. *Id.* at 816. "To grant tolling, the coram nobis court must find that the new evidence would, if credited, clearly and convincingly show that the petitioner is actually innocent of the underlying crime, i.e., that the petitioner did not commit the crime." *Clardy*, 691 S.W.3d at 409 (citing *Keen v. State*, 398 S.W.3d 594, 612 (Tenn. 2012) (holding that actual innocence means "nothing other than that the person did not commit the crime")).

If a petitioner is entitled to equitable tolling, the petition "must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'" *Nunley*, 552 S.W.3d at 830 (quoting *Workman*, 41 S.W.3d at 103). Our supreme court recently determined that "the reasonable opportunity afforded by due process" requires a petitioner to file his petition within one year after discovering the new evidence of actual innocence. *Clardy*, 691 S.W.3d at 408. Whether a petitioner is entitled to equitable tolling of the statute of limitations is a mixed question of law and fact which this court reviews de novo with no presumption of correctness. *Nunley*, 552 S.W.3d at 830 (citations omitted).

Here, Petitioner pled guilty on August 19, 2019, and the judgment was entered on August 21, 2019. Because no direct appeal was taken, the judgment became final thirty days later on September 20, 2019. Thus, the petition filed on May 29, 2024, more than four years after the one-year statute of limitations expired, was untimely.

Petitioner has failed to show that he is entitled to equitable tolling of the statute of limitations. First, Petitioner has failed to prove that the evidence regarding Mr. O'Brien's death was newly discovered. The coram nobis court found that Mr. O'Brien's death was

referenced in discovery materials the State provided Petitioner in May of 2018, more than one year prior to Petitioner's guilty plea. Petitioner has failed to establish that he was unaware of Mr. O'Brien's death either at the time he entered his plea or within one year thereafter.

Next, Mr. O'Brien's death is not evidence of actual innocence because it does not "clearly and convincingly show that the petitioner is actually innocent of the underlying crime[.]" *See id.* at 409. It is no defense to prosecution for facilitation of an offense that the "person for whose conduct the defendant is criminally responsible . . . has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense, or different type or class of offense, or is immune from prosecution." T.C.A. § 39-11-407(2); *State v. Huey*, No. M2000-02793-CCA-R3CD, 2002 WL 517132, at *6-7 (Tenn. Crim. App. Apr. 5, 2002) (citing *State v. Gennoe*, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992)) (affirming convictions for facilitation of first degree premeditated murder without a conviction of the principal offender). Thus, contrary to Petitioner's assertions, prosecution and conviction of Mr. O'Brien for first degree premeditated murder was not required to sustain Petitioner's conviction for facilitation of first degree premeditated murder.

Further, Petitioner asserts that he did not "know for sure about [Mr. O'Brien's death] [until] 2023[,]" but he does not clarify when in 2023 he became aware of Mr. O'Brien's death. Even taking Petitioner's assertion as true, he has not established that he learned of Mr. O'Brien's death within the year preceding his filing of May 29, 2024. Thus, Petitioner has failed to establish that he filed the petition within "the reasonable opportunity afforded by due process." *Clardy*, 691 S.W.3d at 408 (stating that even if entitled to equitable tolling, a petitioner must file a petition within one year of discovering the new evidence).

Finally, timeliness notwithstanding, "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute." *Frazier v. State*, 495 S.W.3d 246, 248 (Tenn. 2016). Each of Petitioner's arguments attempts to collaterally attack his guilty plea; thus, even were the statute of limitations tolled, Petitioner would not be entitled to coram nobis relief.[5] *See Joy v. State*, No. W2019-01437-CCA-R3-ECN, 2020 WL 4187315, at *1 (Tenn. Crim. App. July 20, 2020) (affirming dismissal of error coram nobis petition in which the petitioner challenged his plea as unknowingly entered because "he was not apprised of the elements of the offense or any supporting facts at the guilty plea submission hearing");

---

[5] In his appellate brief, Petitioner asserts that defense counsel "failed to even mention the DNA that excluded [Petitioner] from the blood on the victim's shirt[.]" To the extent Petitioner attempted to raise this as a claim of ineffective assistance of counsel, it is waived as having been raised for the first time on appeal. *See* Tenn. R. App. P. 36(a); *State v. Hardison*, 680 S.W.3d 282 (Tenn. Crim. App. 2023). Waiver notwithstanding, a claim of ineffective assistance of counsel is not cognizable in a coram nobis proceeding. *State v. Mann*, No. W2006-01867-CCA-R3-CO, 2007 WL 2247237, at *4 (Tenn. Crim. App. Aug. 6, 2007).

*McKennie v. State*, No. W2017-01561-CCA-R3-ECN, 2018 WL 4693116, at \*2 (Tenn. Crim. App. Sept. 28, 2018); *Diallo v. State*, No. M2017-01410-CCA-R3-ECN, 2018 WL 4361137, at \*2 (Tenn. Crim. App. Sept. 12, 2018).

The coram nobis court did not err by summarily dismissing the petition. Petitioner is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the coram nobis court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE