IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 26, 2005

# VANORY ASKEW v. STATE OF TENNESSEE, KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 13617   Robert L. Jones, Judge**

---

**No. M2005-00524-CCA-R3-HC - Fied November 30, 2005**

---

The Petitioner, Vanory Askew, pled guilty to intent to sell or deliver 300 grams or more of cocaine, and one count of possession of a deadly weapon with intent to employ it in the commission of an offense, and he was sentenced to eighteen years.  Subsequently, the Petitioner pled guilty to possession of cocaine in an amount under .5 grams and was sentenced to four years in the Department of Correction to be served concurrently with his previous sentence.  The Petitioner filed a petition for a writ of habeas corpus, alleging that: (1) the trial court erred by summarily dismissing the  his pro se petition for writ of habeas corpus and denying his request for the appointment of counsel; and (2) the concurrent sentence he received for his 2003 conviction was illegal, because he was on parole at the time of the offense.  The trial court dismissed the petition, and we reverse the judgment of the trial court, and remand the case for the appointment of counsel, and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT JR., JJ., joined.

Lindsay C. Barrett, Dickson, Tennessee, for the Petitioner, Vanory Askew.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney and Michael Markham, Assistant Attorneys General, for the Appellee, State of Tennessee.

## OPINION
## I.  Facts and Procedural History

On November 7, 1994, the Petitioner pled guilty to one count of possession with intent to sell or deliver 300 grams or more of cocaine and one count of possession of a deadly weapon with intent to employ it in the commission of an offense.  The trial court sentenced the Petitioner as a standard

Range I offender, to eighteen years in the Tennessee Department of Correction.

On July 17, 2003, the Petitioner pled guilty to possession of cocaine in an amount under .5 grams, and he was sentenced to four years in the Department of Correction to be served concurrently with his previous sentence.

The Petitioner filed a petition for writ of habeas corpus on September 30, 2004, and the trial court granted the State's motion to dismiss the petition on November 23, 2004. It is from that order that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner asserts that: (1) the trial court erred by summarily dismissing the his pro se petition for writ of habeas corpus and denying his request for the appointment of counsel; and (2) the concurrent sentence he received for his 2003 conviction was illegal, because he was on parole at the time of the offense.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* State v. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed*. Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627; Buford v. State, No. M1999-00487-CCA-R3-

PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The appointment of counsel in a habeas corpus proceeding is discretionary. Tennessee Code Annotated section 40-14-204 (2003) provides that "[i]n all proceedings for the writ of habeas corpus . . ., the court having jurisdiction of such matters shall determine the question of indigency and appoint counsel, if necessary, in the manner set out in this part." Furthermore, there is no constitutional right to counsel in habeas corpus proceedings. Denton v. State, No. 03C01-9712-CR-00536, 1999 WL 318820, at *1 (Tenn. Crim. App., at Knoxville, May 17, 1999) (citing Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985)), *no perm. app. filed*. This Court has held that "when a petition has been competently drafted and conclusively shows that the petitioner is entitled to no relief, the trial court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing." Id.

The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had the Petitioner been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the possession with intent to sell or deliver .5 grams of cocaine offense was committed while the Petitioner was on parole, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits.

Tennessee Rule of Criminal Procedure section 32(c)(3) (2003) provides that, "where a defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: (A) To a sentence for a felony committed while on parole for a felony . . . ." If the Petitioner's allegation that the latter offense was committed while he was on parole for a prior felony conviction is established on the face of in the record of the underlying conviction for the latter offense, then the sentence is void, and the habeas corpus court is mandated by statute to declare it so. If the sentence is void, then either the plea may be withdrawn or the conviction remains intact. If the plea is withdrawn, then the Petitioner would be ordered held to bail pending prosecution for the offense; if the conviction remained intact, then he would be committed to custody pending resentencing. Thus, there is legal cause for continued detention pending further proceedings. Therefore, the habeas corpus court would be required, after voiding the judgment, to remand the case to the trial court, in this case Criminal Court for Davidson County, for further appropriate action. See, McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001).

## II. Conclusion

In accordance with the foregoing authorities and reasoning, because we have concluded that the Petitioner's habeas corpus petition states a cognizable claim and because the Petitioner is

indigent, we remand the case to the Circuit Court for Wayne County for the appointment of counsel and a determination whether the Petitioner committed the latter offense while on parole. If the evidence of record constitutes satisfactory proof that the Petitioner was on parole when he committed the offense at issue, the trial court must grant the petition and should then transfer the case to the Criminal Court for Davidson County for appropriate disposition.

_____
ROBERT W. WEDEMEYER, JUDGE